IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SUSAN R. PEASE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No: 1:12-CV-000851-SS |
| v. | § | |
| | § | |
| CHRISTIAN BRIGGS AND | § | |
| BRIGGS VENTURES, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Christian Briggs ("Briggs") and Briggs Ventures, Inc. ("BVI") file their Reply in Support of Motion to Dismiss Plaintiff's First Amended Complaint ("Motion"), and state as follows:

### I. Basis of reply

By concession and omission in her Response, Plaintiff demonstrates that Defendants' Motion should be granted in its entirety. Regarding Plaintiff's fraud and Deceptive Trade Practices Act ("DTPA") claims, Plaintiff (a) does not dispute that she has not sufficiently alleged "why" the representation that one of the Defendants could sell the Coin for $100,000 was false, (b) acknowledges that she failed to plead the "where" element of her claims, and (c) acknowledges that she engages in impermissible group pleadings. With regard to Plaintiff's breach of contract claim, she fails to address the questions posed by Defendants in their Motion demonstrating that not even the most basic terms were agreed to between the parties that could give rise to a contract capable of being breached. And when addressing Defendants' argument that her breach of the duty of good faith and fair dealing claim should be dismissed, Plaintiff cites case law that supports the dismissal of her claim.

1

Regarding her breach of fiduciary duty claim, Plaintiff demonstrates that she has not pled the requisite control over Defendants necessary to sufficiently allege an agency relationship giving rise to a fiduciary duty. Regarding her conversion claim, Plaintiff does not dispute that she voluntarily gave the Coin to one of the Defendants, and therefore her conversion claim fails as a matter of law. With regard to her Texas Theft Liability Act claim, Plaintiff cites case law that supports dismissal of the claim. Likewise, by omission and citation to case law, Plaintiff establishes that her money had and received claim should be dismissed. Regarding her civil conspiracy claim, Plaintiff fails to identify where in the Complaint she pleads the conspiracy element necessary for the claim to survive dismissal. Finally, Plaintiff does not dispute that if her other claims are dismissed, her unjust enrichment claim should be dismissed as well. For all of these reasons, Plaintiff's claims should be dismissed with prejudice.

## II. Reply

**A.    Plaintiff's concessions and omissions demonstrate that she failed to plead the required "why" and "where" elements of her fraud and DTPA claims.[1]**

    **1.    By omission, Plaintiff acknowledges that she has not adequately pled the "why" element of her fraud and DTPA claims.**

Plaintiff alleges that one of the Defendants (although she does not identify which one) represented that he/it could sell the Coin for $100,000. Compl. at ¶ 9 and n. 1; Resp. at p. 7, § B.1.b. In her Response, Plaintiff does not dispute that she alleges that the same Defendant sold the Coin for $105,000 in August 2010.[2] Compl. at ¶ 14 (p. 6); Resp. at p. 7, § B.1.b. Nor does she dispute that she alleges that she accepted a price of $77,500 for the Coin a month later. Compl. at ¶ 14 (p. 7). Not surprisingly, in her Response, Plaintiff does not (and could not)

---

[1] In her Response, Plaintiff addressed her fraud and DTPA claims together. Defendants do the same in this Reply.

[2] It is important to note that Plaintiff does not allege that the applicable Defendant promised to sell the Coin within a certain period of time. *See generally* Compl. at ¶¶ 8-22.

explain why the Defendant's representation that he/it could sell the Coin for $100,000 was false. Resp. at p. 7, § B.1.b. Plaintiff's fraud and DTPA claims should therefore be dismissed based on her acknowledgment that she failed to plead the "why" element.

### 2. Plaintiff acknowledges that she failed to plead the "where" element of her fraud and DTPA claims.

In her Response, Plaintiff does not argue that she pled the required "where" element of her fraud and DTPA claims. Resp. at p. 8, § B.1.c. Instead, she acknowledges that she did not plead "where" the fraud occurred and argues that this element is simply irrelevant. *Id.* Controlling precedent holds otherwise and Plaintiff's fraud and DTPA claims should be dismissed based on this fatal omission. *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (a plaintiff must state not only the time, place, the identity of the speaker, and the content of the alleged misrepresentation, but also explain why the statement or omission is false or misleading); *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) ("At a minimum, [Rule 9(b)] requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud.").

### B. Plaintiff acknowledges that she engages in impermissible group pleadings regarding her fraud and DTPA claims.

In her Response, Plaintiff acknowledges that she has not pled whether it was Briggs individually or BVI who committed the alleged fraud against Plaintiff, and instead lumps both Defendants together. Resp. at pp. 6-7, § B.1.a. Such group pleadings do not meet the requirement of Rule 9(b) and Plaintiff's fraud and DTPA claims should be dismissed on this basis alone. *In re Alamosa Holdings, Inc.*, 382 F. Supp. 2d 832, 857 (N.D. Tex. 2005) ("Defendants take issue with Plaintiffs' repeated 'group pleading,' in that the Complaint often references 'Defendants' rather than specifically alleging actions or omissions attributable to each individually named Defendant. Indeed, Plaintiffs' Complaint makes the bold statement that '[i]t is appropriate to

treat the Individual Defendants as a group for pleading purposes....' *See* Compl. at ¶ 27. Such a statement directly controverts prior Fifth Circuit precedence. *See Southland v. INSpire Ins. Solutions, Inc.,* 365 F.3d 353, 364-65 (5th Cir. 2004) (stating that "this court has never adopted the 'group pleading' doctrine")"); *see also Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986) ("[G]eneral allegations, which do not state with particularity what representations each defendant made, do not meet this [Rule 9] requirement.").

C.  **By omission, Plaintiff acknowledges that she has not pled the existence of a valid contract capable of being breached.**

In their Motion, Defendants pose a series of questions demonstrating the lack of even the most basic terms necessary to form a valid contract. Mot. at pp. 9-10 ((a) what was the sales price or minimum sales price for the Coin? (b) what was the amount of the alleged sales commission to be received? . . . (e) was there a deadline to sell the Coin?). By not addressing these questions in her Response, Plaintiff implicitly acknowledges that these issues have not been pled. Without even these most basic terms being agreed to, there can be no meeting of the minds between the parties to form a contract and Plaintiff's breach of contract claim should be dismissed. *Smith v. Nat'l City Mortg.*, A-09-CV-881 LY, 2010 WL 3338537, *11 (W.D. Tex. Aug. 23, 2010).

D.  **The cases cited by Plaintiff support dismissal of her breach of the duty of good faith and fair dealing claim.**

Instead of supporting her assertion that she properly states a claim for breach of the duty of good faith and fair dealing, the cases cited by Plaintiff supports the dismissal of her claim. *See* Resp. at p. 10, § B.3. (citing *Bass v. Hendrix*, 931 F. Supp. 523, 534 (S.D. Tex. 1996) (holding there was no longstanding relationship, a course of dealing or inequality in bargaining positions giving rise to a duty of good faith and fair dealing between a woman in relationship therapy sessions and a company videotaping and publicly disseminating the sessions, and granting

summary judgment in defendant's favor); *Jhaver v. Zapata Off-Shore Co.,* 903 F.2d 381, 385 (5th Cir. 1990) (finding no duty of good faith and fair dealing between broker and oil drilling company, and affirming the granting of summary judgment on plaintiff's claim); *Timely Int., Inc. v. S.S.I. Plastics,* No. EP-09-CV-285-PRM, 2011 WL 3666877, at *2 (W.D. Tex. March 10, 2011) (granting summary judgment in defendant's favor on plaintiff's breach of the duty of good faith and fair dealing claim despite Plaintiff's allegations that contract at issue was non-negotiable and that the defendant was a much larger company); *K3C Inc. v. Bank of America, N.A.*, 204 Fed. Appx. 455, 461 (5th Cir. 2006) (affirming the finding of no imbalance of power between borrower and lender giving rise to a special relationship and a duty of good faith and fair dealing); *Natividad v. Alexis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994) (finding no special relationship between claims adjuster and insured, and affirming the granting of summary judgment in adjuster's favor on insured's duty of good faith and fair dealing claim)).

Indeed, a review of Texas case law generally establishes that no special relationship existed between Plaintiff and the Defendants. *See, e.g., Oliver v. Rogers*, 976 S.W.2d 792, 806 (Tex. App. – Houston [1st Dist.] 1998) (the relationship between the sellers and buyers of a business does not give rise to a special relationship even though the buyers alleged that the sellers were in a superior bargaining position as buyers were employees of sellers). Further, based on Plaintiff's allegations, she possessed significant bargaining power in the transaction negating her assertion of unequal bargaining power and susceptibility to being taken advantage of. Compl. at ¶¶ 11 (Plaintiff was to be informed of the details of the sale of the coin, including appraisals, valuation and sale price, and her approval was to be obtained before any sale was consummated), 12 (Plaintiff retained "final authority and approval of the proposed sales transaction"), 13 ("Had Briggs revealed his past business practices to her . . . [Plaintiff] would

not have retained him. . . ."").

As to Plaintiff's assertion that Defendants waived their argument that no special relationship existed,[3] this argument is a red-herring. First, the case cited by Plaintiff in support of her assertion – *Proctor & Gamble Co. v. Amway Corp.*, 376 F. 496, 499 n.1 (5th Cir. 2004) – does not address the standards for motions to dismiss or when a plaintiff has failed to state a claim. Instead, the case stands for the proposition that an argument not raised in an opening appellate brief is waived for the purposes of appeal. Second, Defendants argued that no special relationship based on unequal bargaining power or a relationship of trust and confidence existed between Plaintiff and Defendants. Mot. at pp. 11-12. Consequently, as established by Defendants' Motion and Plaintiff's own case law, Plaintiff's good faith and fair dealing claim should be dismissed.

E.  **Plaintiff's Response demonstrates that she has not pled the requisite control over Defendants necessary to sufficiently allege an agency relationship giving rise to a fiduciary duty.**

Plaintiff argues that one of the Defendants acted as her agent or Plaintiff must have given the Coin to the Defendant out of the goodness of her own heart (which she alleges makes no sense); therefore, the parties must have had an agency relationship. Resp. at p. 12, § B.4. In making her assertion, Plaintiff ignores the relationship that would be created based on her allegations – an independent contractor relationship. As noted in the case law cited in Defendants' Motion, in a principal/agency relationship, the principal has "the power to set tasks and to dictate the means and details of the agent's work to accomplish those tasks; these means and details include the power to hire and fire and the power of supervision over the agent's employees, to participate in the daily operations of the agent's work. . . ." Mot. at p. 13 (citing *Cardinal Health Solutions, Inc. v. Valley Baptist Medical Center*, 643 F. Supp. 2d 883, 889 (S.D.

---

[3] Resp. at p. 11, § B.3.

Tex. 2008)). Plaintiff alleges no such power. *See generally* Compl. Instead, Plaintiff alleges that the means and details of selling the Coin were left to the Defendant to whom she gave the Coin. Compl. at ¶¶ 11, 12. Indeed, according to Plaintiff's allegations, the only obligation the Defendant had was to contact her to secure final approval of the proposed sales transaction. Compl. at ¶ 12. Such freedom to complete a job gives rise to an independent contractor relationship, not an agency relationship. *Belteton v. Desco Steel Erectors and Concrete, Inc.*, 222 S.W.3d 600, 604 (Tex. App. – Houston [14th Dist.] 2007) ("An independent contractor has been defined as any person who, in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to all its details.") (internal quotations and citations omitted). And an independent contractor relationship does not give rise to a fiduciary relationship that can be breached. *Cardinal Health*, 643 F. Supp. 2d at 888 (citations omitted). Plaintiff's breach of fiduciary duty claim should therefore be dismissed.

**F.     By omission, Plaintiff acknowledges that she voluntarily gave the Coin to one of the Defendants; her conversion claim should therefore be dismissed.**

In their Motion, Defendants note that Plaintiff alleges she voluntarily gave the Coin to one of the Defendants, and therefore, her conversion claim cannot survive dismissal. Mot. at p. 16. In her Response, Plaintiff does not dispute this fact. Resp. at pp. 13-15, § B.5. Further, Plaintiff's assertion in her Response that she pled "(i) she owned the 1893 coin and was entitled to its possession if Defendants did not sell it and send her the net sales proceeds, . . . (iii) Plaintiff demanded that Defendants return the coin, and (iv) Defendants refused to do so" is incorrect as such allegations do not appear anywhere in the Complaint. *See generally* Compl. Plaintiff's conversion claim should therefore be dismissed.

**G.     The case law cited by Plaintiff supports dismissal of her Texas Theft Liability Act claim.**

Plaintiff cites *Christensen v. State*, 240 S.W.3d 25 (Tex. App. – Houston [1st Dist.] 2007), for the proposition that she has adequately alleged her Texas Theft Liability Act claim because the intent to commit theft can be proven through circumstantial as opposed to direct evidence. Resp. at p. 16, § B.6. While this proposition is contained in the case, the court of appeals in *Christensen* reversed the trial court's conviction of the defendant based on legally insufficient evidence. *Christensen*, 240 S.W.3d at 37. One of the reasons the appellate court reversed the conviction is that a mere lack of performance of what was promised is legally insufficient to establish a criminal intent to commit theft. *Id.* at 34. Because Plaintiff has merely alleged a lack of performance by Defendants, she fails to sufficiently allege a claim for violation of the Texas Theft Liability Act and the claim should be dismissed.

**H.     By omission and citation to inapplicable case law, Plaintiff establishes that her money had and received claim should be dismissed.**

Plaintiff does not dispute that the circumstances giving rise to a money had and received claim are when a party: (1) has made an overpayment;[4] (2) paid or credited money to a wrong account;[5] or (3) released earnest money to the wrong client.[6] *See* Resp. at p. 17-18, § B. 7. Plaintiff instead argues that the claim can be based on Defendants' wrongdoing, but cites inapplicable case law for this proposition. *Id. Johnson v. Chestnutt* does not address a claim for money had and received. 225 S.W.3d 737 (Tex. App. – Dallas 2007) (Plaintiff inadvertently cites to 358 S.W.3d 808 (Tex. App. – Dallas 2012). *Orgain v. Butler* overturns judgment on a fraud claim and simply states "[i]n a suit for money had and received the plaintiff need show only that

---

[4] *Benson v. Travelers Ins. Co.*, 464 S.W.2d 709 (Tex. App. – Dallas 1971, no writ.).
[5] *Doss v. Homecomings Fin. Network, Inc.*, 210 S.W.3d 706 (Tex. App. – Corpus Christi 2006, pet. denied).
[6] *Lyman D. Robinson Family Ltd. P'ship v. McWilliams & Thompson, P.L.L.C.*, 143 S.W.3d 518, 520 (Tex. App. – Dallas 2004, pet denied).

the defendant holds money which in equity and good conscience belongs to the plaintiff." 478 S.W.2d 610, 613 (Tex. App. – Austin 1972). As demonstrated in Defendant's Motion and by Plaintiff's Response, Plaintiff's money had and received should therefore be dismissed.

**I.     By omission, Plaintiff demonstrates that her civil conspiracy claim should be dismissed.**

In her Response, Plaintiff fails to identify where in the Complaint she alleges that a particular Defendant conspired with another individual to commit one of her other underlying claims. Resp. at p. 18, § B.8. Further, because her other underlying claims should be dismissed for failure to state a claim, her civil conspiracy should likewise be dismissed. *Duzich v. Advantage Fin. Corp.*, 395 F.3d 527, 530 (5th Cir. 2004) (affirming the dismissal of plaintiffs' civil conspiracy claim because plaintiffs did not sufficiently plead the elements of the underlying claim).

**J.     Plaintiff does not dispute that if her other claims are dismissed, her unjust enrichment claim should be dismissed as well.**

When a complaint fails to articulate a claim upon which unjust enrichment may be granted as a form of equitable relief, the unjust enrichment claim must be dismissed pursuant to Rule 12(b)(6). *Allstate Ins. Co. v. Donovan*, H-12-0432, 2012 WL 2577546, at *18 (S.D. Tex. July 3, 2012) (citing *Heldenfels Brothers, Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992)). Plaintiff does not dispute this proposition in her Response. Resp. at p. 19, § B.9. Therefore, because Plaintiff fails to adequately plead an underlying claim upon which her unjust enrichment claim can be based, her unjust enrichment claim should likewise be dismissed.

### III. Conclusion

For all of these reasons and the reasons stated in Defendants' Motion, the Court should dismiss Plaintiff's claims with prejudice.

Respectfully submitted,

**MCNIEL BRAUER PLLC**

By:   /s/ Alexander Brauer
Alexander Brauer
Texas State Bar No. 24038780
Robert McNiel
Texas State Bar No. 24043814

Campbell Centre I
8350 N. Central Expy, Suite 935
Dallas, Texas 75206
Tel: (214) 360-7432
Fax: (214) 853-5567
abrauer@mcnielbrauer.com
rmcniel@mcnielbrauer.com

**ATTORNEYS FOR DEFENDANTS
CHRISTIAN BRIGGS AND
BRIGGS VENTURES, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March 2013, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case filing system for the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys who have consented in writing to accept this notice as service of this document by electronic means. Additionally, a true and correct copy of the foregoing document was served on the following attorneys for Plaintiff via email as follows:

The Coffman Law Firm
Attn: Richard L. Coffman
First City Building
505 Orleans St., Suite 505
Beaumont, Texas 77701
rcoffman@coffmanlawfirm.com

Stevens, Baldo, Freeman & Lighty, LLP
Attn: R. Lyn Stevens
550 Fannin Street, Suite 700
Beaumont, Texas 77701
stevens@sbf-law.com

   /s/     Alexander Brauer