IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SUSAN R. PEASE, | § | |
| | § | |
| PLAINTIFF | § | |
| v. | § | CIVIL ACTION NO. 1:12-cv-000851-SS |
| | § | |
| CHRISTIAN BRIGGS AND BRIGGS | § | |
| VENTURES, INC., | § | |
| | § | |
| DEFENDANTS | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO ENFORCE CONFIDENTIALITY AGREEMENT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiff Susan R. Pease ("Plaintiff") files this her Response to Defendants' Motion to Enforce Confidentiality Agreement and Order [ECF No. 110] filed by Defendants, Christian Briggs ("Briggs") and Briggs Ventures, Inc. ("BVI") (collectively "Defendants") and respectfully shows this Court the following:[1]

**INTRODUCTION**

Defendants would have the Court believe that the Plaintiff categorically refuses to follow an order laid down by this Court. That is not the case. As has been typical of Defendants' motions before this Court, the Defendants provide a slanted view of the facts surrounding the issues. Over the last several years, the Defendants have been sued in a number of coin fraud

---

[1] Plaintiff also considered requesting sanctions under Fed. R. Civ. P. 11(c) because Defendants' motion is brought in bad faith, is calculated to cause unnecessary delay, and will needlessly increase the cost of litigation to Plaintiff for having to respond to Defendants' frivolous motion in violation of Fed. R. Civ. P. 11(b)(1), but Plaintiff would prefer to resolve this matter once and for all rather than extending it for at least another 21 days.

1

cases. The next case in this succession is the *Hoover* case[2] presently pending in state court in Dallas County, Texas. It is not unusual, and even considered good practice, for litigants to share information obtained in discovery from a common adversary, especially when that adversary has been sued in multiple jurisdictions for fraud.[3] However, in this case, the Plaintiff has been faithful to the Confidentiality Agreement entered as an Order [ECF No. 67] (hereinafter "Confidentiality Agreement"), and has not produced any documents protected by that agreement.[4] For a number of reasons, the Defendants' motion to enforce the Confidentiality Agreement is not only premature and unnecessary, but it is also a colossal waste of this Court's personnel, time and resources, and such gamesmanship should not be rewarded.

## RESPONSE IN OPPOSITION

---

[2] Cause No. DC-13-09200; *Daniel Hoover v. Christian Briggs, BMC Capital, Inc. d/b/a BMC Hard Assets, Inc., and Briggs Ventures, Inc.;* In the 192nd Judicial District Court of Dallas County, Texas; filed August 15, 2013.

[3] In this cause, Defendants' response to Request for Production No. 77 acknowledges the following "coin fraud" cases that have been resolved where they were named as defendants:

Case No. SACV08-811; *John H. Schmidt v. Briggs Ventures, Inc., Christian Briggs, and Doe 1;* In the United States District Court for the Central District of California; filed July 22, 2008.

Cause No. 429-01716-2009; *Jerry and Barbara Evans v. Rare Coin Wholesalers, Inc.; S.L. Contursi, Inc., Rare Coin Gallery; Benchmark Ventures; Briggs Ventures, L.P.; Steven Contursi; and Christian Briggs;* In the 429th Judicial District Court of Collin County, Texas; filed April 30, 2009.

Case No. 30-2010-00392622; *Elizabeth S. Pankey, Individually and as Trustee under Declaration of Trust dated December 6, 1985, as Amended v. Christian Briggs, and individual; Briggs Ventures, Inc., a Texas corporation; Steven Contursi, an individual; Benchmark Ventures, L.P., a Texas limited partnership; and DOES 1 through 50, inclusive;* In the Superior Court of the State of California, County of Orange; First Amended Complaint filed on August 12, 2010.

Cause No. DC-12-1310; *W. H. Gerald Caldwell, Jr. v. Christian Briggs, Briggs Ventures, Inc., and BMC Capital, Inc.;* In the 95th Judicial District Court of Dallas County, Texas; filed November 6, 2012.

Cause No. DC-13-09200; *Daniel Hoover v. Christian Briggs, BMC Capital, Inc. d/b/a BMC Hard Assets, Inc., and Briggs Ventures, Inc.;* In the 192nd Judicial District Court of Dallas County, Texas; filed August 15, 2013.

[4] Defendants erroneously accuse Plaintiff of colluding with Hoover and providing the documents in question. *See* Lyn Stevens's response to Alex Brauer's email, dated November 10, 2014 (copy attached as Exhibit 1). Laying aside those false and defamatory accusations, Plaintiff has responded to a Request for Production that expressly exempts the documents in question. *See* Exhibit 2, attached.

2

The Defendants continue to play fast and loose with the facts. This case was settled on September 19, 2014 in open court just prior to jury selection. However, the settlement involved further documentation of a note payable by Defendants over the course of seven months, ending in April 2015. Once those documents were finalized, the parties filed a joint motion to dismiss on October 14, 2014 [ECF No. 108], and the Court dismissed this cause on November 5, 2014 [ECF No. 109].

Under Section 12 of the Confidentiality Agreement, Plaintiff has sixty (60) days from final determination to return all information deemed "Confidential Information and Attorney's Eyes Only." "Final determination" is defined in that same section as "the *later* of full settlement of all claims, final judgments herein or the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any." Since final judgment (dismissal) only occurred on November 5, 2014, the Plaintiff has until January 5, 2015 to return those documents. The sixty (60) day limit was imposed by agreement and sanctioned by this Court with no compulsion or order requiring any earlier return.

However, during the interim, Hoover's counsel, Mr. Peyton Healey, contacted the undersigned and sought all discovery responses served by these Defendants in this cause. Thereupon, the Defendants began a series of technical, procedural attacks upon Hoover to avoid the discovery.[5] While those parties fought over the issues, this Plaintiff put Defendants on notice of the confidential documents requested — as required under Section 7 of the Confidentiality Agreement — and informed them that she would await an agreement or resolution by the state court, produce the documents *in camera*, or possibly produce them under a similar

---

[5] *See* Letter dated November 3, 2014 from Alex Brauer to Peyton Healey, attached as Exhibit 3.

"confidentiality agreement" to avoid these very issues.[6] Plaintiff was very surprised to learn that such an agreement was already in place in the *Hoover* case.[7] Unfazed by Plaintiff's willingness to cooperate or the fact that the Defendants and Hoover already had a confidentiality agreement in place, Defendants had the gall to inform the Plaintiff that she was violating the Confidentiality Agreement and that the enforcement motion was imminent.[8] Prior to Defendants' filing, Plaintiff fully explained the uselessness of filing this motion, informed Defendants that she would not produce the confidential documents, and suggested that the state court could resolve these issues by production of the documents *in camera*.[9]

Subsequently, Plaintiff filed responses to Hoover's Rule 205 request to produce documents and tangible items, and expressly exempted the "confidential and attorney's eyes only" documents as she had previously indicated she would do.[10] In fact, Defendants filed their motion to enforce despite the irrefutable fact that no violation has occurred and that no action under the Confidentiality Agreement is even due until January 5, 2015. Thus, even giving the purest interpretation to Defendants' motives, the motion to enforce is filed out of time and not ripe. The merits of the discovery will be determined by the state court judge in the *Hoover* case. At worst, the Defendants' motion smells of continued gamesmanship that this Court should not condone.

Plaintiff has scrupulously complied with her obligations under the Confidentiality Agreement and the requirements of discovery served in the *Hoover* cause. The Plaintiff has withheld documents per the Confidentiality Agreement and continually suggested that the parties

---

[6] *See* Exhibit 1 and the email from Lyn Stevens to Alex Brauer and Peyton Healey dated November 5, 2014, attached as Exhibit 4.
[7] *See*, Peyton Healey's email to Lyn Stevens, dated November 10, 2014, attached as Exhibit 5.
[8] *See* email from Alex Brauer to Lyn Stevens dated November 25, 2014, attached as Exhibit 6.
[9] *See* email from Lyn Stevens to Alex Brauer and Peyton Healey dated November 26, 2014, attached as Exhibit 7.
[10] *See* Exhibit 2.

4

work toward a compromise. Indeed, the Defendants and the Plaintiff in *Hoover* are operating under a confidentiality agreement of their own, which raises questions as to the true motive of this dispute. The Defendants' motion before this Court appears to be just another example of their "scorched earth" litigation tactics employed in this cause. In an email to Defendants' counsel, the undersigned laid out the pointlessness of engaging a federal judge on a discovery matter pending before a state court.[11] Ultimately, Plaintiff will be forced to provide the documents to the state court *in camera* so that court can resolve the objections raised in that tribunal over these documents.[12] The Defendants' intransigence is merely aimed at stalling this resolution on the merits while unnecessarily involving this Plaintiff and wasting this Court's valuable time, personnel and resources.

Plaintiff's counsel has spent several hours dealing with the myriad emails and responding to this motion to enforce. These actions are frivolous and harassing to Plaintiff, a seventy-seven year old widow who has better things to do with her life that deal with lawyer's antics. If not for the fact that a motion for sanctions would delay resolution for at least an additional twenty-one days -- which plays into the game the Defendants are playing -- this Plaintiff would move for sanctions.

## **CONCLUSION AND PRAYER**

Based upon the foregoing arguments and authorities and the evidence presented, Plaintiff respectfully requests that the Court DENY Defendants Motion to Enforce [ECF # 110] in its entirety.

---

[11] *See* Exhibit 7, supra.
[12] *See* email from Peyton Healey to Alex Brauer dated November 26, 2014, attached as Exhibit 8.

Respectfully submitted,

By: */s/ R. Lyn Stevens*
　　R. Lyn Stevens

**STEVENS, BALDO, FREEMAN & LIGHTY, LLP**
550 Fannin Street, Suite 700
Beaumont, TX 77701
(409) 835-5200
(409) 838-5638 Facsimile
stevens@sbf-law.com

**ATTORNEYS FOR PLAINTIFF, SUSAN R. PEASE**

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December, 2014, I electronically filed the foregoing *Response to Defendants' Motion to Enforce* with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case filing system for the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys who have consented in writing to accept this notice as service of this document by electronic means. In addition, a true and correct copy of the foregoing instrument was served on counsel for Defendants via email as follows:

　　Bailey Brauer PLLC
　　Campbell Centre I
　　8150 N. Central Expy, Suite 935
　　Dallas, Texas 75206
　　Attn: Alexander Brauer
　　abrauer@baileybrauer.com

　　　　　　　　　　　　　　　*/s/ R. Lyn Stevens*
　　　　　　　　　　　　　　　**R. Lyn Stevens**