```
                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF TEXAS
                          AUSTIN DIVISION

SUSAN R. PEASE               ) Docket No. A 12-CA-851 SS
                             )
vs.                          ) Austin, Texas
                             )
CHRISTIAN BRIGGS AND         )
BRIGGS VENTURES, INC.        ) December 16, 2014


                   TRANSCRIPT OF MOTION HEARING
                 BEFORE THE HONORABLE SAM SPARKS


APPEARANCES:

For the Plaintiff:        Mr. Raymond Lyn Stevens
(Telephonically)          Stevens, Baldo, Freeman & Lighty
                          550 Fannin Street, Suite 700
                          Beaumont, Texas 77701


For the Defendant:        Mr. Alexander Brauer
                          Bailey Brauer, PLLC
                          Campbell Centre I
                          8350 North Central Expressway,
                          Suite 935
                          Dallas, Texas 75206


Court Reporter:           Ms. Lily Iva Reznik, CRR, RMR
                          501 West 5th Street, Suite 4153
                          Austin, Texas 78701
                          (512)391-8792
```

Proceedings reported by computerized stenography, transcript produced by computer.

```
09:03:01   1                THE COURT:  12-CA-851, Pease vs. Briggs, et al.
09:03:09   2   I'll have announcements.
09:03:10   3                MR. BRAUER:  Your Honor, Alex Brauer, attorney for the
09:03:14   4   defendant.
09:03:15   5                THE COURT:  Okay.  And I have somebody on the
09:03:20   6   telephone?
09:03:21   7                THE CLERK:  He just got disconnected.
09:03:23   8                THE COURT:  We have Mr. Disconnected.
09:03:25   9                THE CLERK:  So we'll see if we can --
09:03:29  10                MR. STEVENS:  Your Honor.
09:04:12  11                THE COURT:  Yes.
09:04:14  12                MR. STEVENS:  Your Honor, I apologize.  I inadvertently
09:04:17  13   hung up when I was fooling with my phone.
09:04:19  14                Lyn Stevens for Mrs. Pease, the plaintiff, is ready.
09:04:23  15                THE COURT:  Okay.  The very fact that y'all are here by
09:04:26  16   telephone and present is pretty irritating.
09:04:32  17                This case was pending for long periods of time, went
09:04:37  18   through summary judgments that took a little bit of time to go
09:04:40  19   through all of that stuff.  You didn't come to any settlement
09:04:43  20   until I cost the clerk's office, at my budget, an entire venire.
09:04:54  21   Then you come back in, well after the case is over, on something
09:05:02  22   that reasonable people could agree to.  I don't know who is
09:05:05  23   unreasonable about it, enforcing a confidentiality agreement that
09:05:14  24   I could care less about.  I don't care an inch about.
09:05:19  25                Y'all had an agreed order and I signed it, as I do many
```

things.  I know of nothing in this case confidential.  I can't imagine anything confidential, unless there was a criminal case pending, which there may well should have been.  So don't look for much help here.

This is a responsibility to that each of you have and how you handled it, one way or the other, but I'm not going to enforce it because I didn't find that anything was confidential.  You asked me to do it.  And now, you can't even get along with the order that you asked me to enter on behalf of your clients.

So with that preamble, I guess, Mr. Brauer, you have the lectern.

MR. BRAUER:  Thank you, your Honor.

And I don't like to bother the Court with issues like this, and I've never had to come to a court to enforce --

THE COURT:  No case is over until a dismissal or judgment's entered.  It's very simple.  No judgment's entered.  So the case is not over.  Actually, the case is not over for 30 days after a judgment or a dismissal is entered.  And y'all can't even agree on that.

So don't be saying this is not your responsibility.  You filed the motion.

MR. BRAUER:  No, no.

It's my responsibility.  I'm just saying I don't like to come to the Court with an issue like this.  I realize you have better things to do with your time.  Unfortunately, I'm left with

```
09:07:01   1   no alternative.
09:07:02   2               The confidentiality order stipulates that within 60
09:07:07   3   days of settlement of all claims, final judgment for exhaustion
09:07:12   4   of all appeals, a party receiving a confidential attorneys'-eyes
09:07:17   5   documents will either destroy or return those documents.  We
09:07:21   6   settled this matter.  We announced settlement on September 2nd.
09:07:26   7   The parties entered into a settlement agreement, dated September
09:07:29   8   19th, which released all claims, settled all claims.  Therefore,
09:07:32   9   within 60 days of that date, the plaintiff was obligated to
09:07:37  10   destroy or return the defendant's confidential documents.
09:07:42  11               And the confidential documents that we are referring to
09:07:45  12   are defendant's employees' Social Security numbers, and driver's
09:07:50  13   license numbers, client contact information, assets held by
09:07:55  14   certain clients of the defendant's, and the defendant's bank
09:07:58  15   account records and bank account information.  More than 80 days
09:08:06  16   has now passed since full settlement of all claims, and the
09:08:11  17   plaintiff refuses to return the confidential documents that we
09:08:15  18   produced under that confidentiality order.
09:08:17  19               THE COURT:  Well, according to my file, there was an
09:08:23  20   order of dismissal that I signed without prejudice to Griffiths
09:08:33  21   and CT Group.  Then I dismissed the case with prejudice on
09:08:37  22   November the 5th.
09:08:41  23               So I would read that to mean that on December 6, if no
09:08:47  24   appeal was filed, that would have been a final judgment.
09:08:54  25               MR. BRAUER:  I don't think -- we've cited a Fifth
```

*LILY I. REZNIK, OFFICIAL COURT REPORTER*
*U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)*

```
09:08:56   1  Circuit case in our motion.
09:08:57   2          THE COURT:  I don't give a damn about the Fifth Circuit
09:08:59   3  case.  It's what it said in the motion.  You said "or."  But you
09:09:07   4  don't pick the earliest of those, do you?
09:09:10   5          MR. BRAUER:  Agreed, but there has been no final
09:09:13   6  judgment entered in this case.  A Rule 41(a)(1) dismissal is not
09:09:16   7  a final judgment.  It's a dismissal of the case.
09:09:19   8          THE COURT:  Well, and 30 days later, I lose
09:09:23   9  jurisdiction of the case.  Did you know that?
09:09:27  10          MR. BRAUER:  Understood, except --
09:09:29  11          THE COURT:  So you're just here as a compliment.
09:09:32  12  That's all.
09:09:33  13          MR. BRAUER:  Well, the confidentiality order entered by
09:09:36  14  the Court actually provides that the Court shall retain
09:09:39  15  jurisdiction over the parties to resolve disputes relating to
09:09:41  16  that confidentiality agreement.
09:09:42  17          THE COURT:  I understand.  I understand that I've got
09:09:44  18  jurisdiction, but I don't have -- and I understand the response
09:09:51  19  is, I've still got time.  I haven't released anything.
09:09:56  20          Is that correct, Mr. Stevens?
09:09:58  21          MR. STEVENS:  That's correct, your Honor.
09:09:59  22          And the plaintiff -- I mean, the defendant does have
09:10:01  23  alternatives that they refuse to take.  Instead of involving this
09:10:06  24  court -- and I took a long time and wrote a very lengthy e-mail
09:10:09  25  to defense counsel saying, bringing it before Judge Sparks is a
```

09:10:12  1   monumental waste of time of this court's resources and personnel.
09:10:17  2               Your Honor, I was served -- my client was served with a
09:10:21  3   subpoena and a request for production in a state case that within
09:10:25  4   the 60 days, no matter which date you apply, it's within 60 days
09:10:29  5   demanding the documents.  We were under a duty at that time to
09:10:32  6   retain the documents for -- pursuant to the other court's
09:10:37  7   authority.  We are --
09:10:41  8               THE COURT:  Or you go to jail.
09:10:42  9               MR. STEVENS:  I could go to jail -- my client could go
09:10:44  10  to jail, your Honor.
09:10:46  11              I offered to produce the documents in camera to that
09:10:49  12  judge and let that judge decide that discovery dispute, yet, this
09:10:53  13  defendant decides to bring you into this simply to delay and to
09:10:56  14  stall things, again, believing that this court will help him by
09:11:00  15  making those documents go back in, instead of going to the other
09:11:04  16  court for determination.
09:11:05  17              I don't understand why we're before this court.  I am
09:11:07  18  as frustrated as this court is of having this hearing.  I think
09:11:11  19  it is nothing but gamesmanship to avoid producing the documents
09:11:15  20  in the other case under court seal and let that court decide.
09:11:20  21  And, your Honor, they have a confidentiality order in the other
09:11:24  22  case.  They actually -- I could produce these documents to the
09:11:27  23  other side, and it's covered by their confidentiality order.
09:11:29  24              I don't understand why we're here before this court.
09:11:32  25              THE COURT:  Well, as I understand it, you haven't

```
09:11:35   1  presented anything, although your client -- have you been
09:11:40   2  subpoenaed?
09:11:43   3          MR. STEVENS:  No, your Honor.
09:11:44   4          My client has.  I do retain possession of the documents
09:11:47   5  for my client, but my client was subpoenaed.  That subpoena was
09:11:51   6  lifted, but at the same time, she was served with a request for
09:11:54   7  production as a nonparty in the other case.
09:11:59   8          THE COURT:  Now, where is that pending?
09:12:01   9          MR. STEVENS:  In state court in Dallas County.
09:12:05  10          THE COURT:  In a district court?
09:12:09  11          MR. STEVENS:  Yes, your Honor.
09:12:11  12          THE COURT:  Okay.
09:12:13  13          MR. BRAUER:  Judge, and Mr. Stevens is correct that the
09:12:17  14  unrelated matter is up in Dallas district court, and in that
09:12:25  15  case, the plaintiff has issued discovery requests to the
09:12:28  16  defendants for all documents produced in this litigation.  That
09:12:33  17  matter's properly before that court, and that court will decide
09:12:36  18  whether the defendants have to produce those documents or not.
09:12:39  19          We're confident that the Court's going to follow the
09:12:41  20  recent Texas Supreme Court opinion saying you can't root around
09:12:45  21  in other files in cases on a fishing expedition, but that fight
09:12:50  22  is before that Texas state court.
09:12:51  23          And, again, we've been issued discovery requests in
09:12:53  24  that case.  There's currently a motion to compel pending.  So
09:12:56  25  there's motion practice relating to these documents.
```

7

09:12:59  1    THE COURT: Well, why -- how does that help the
09:13:04  2 subpoena that Mr. Stevens' client has in a motion to produce?
09:13:10  3    MR. BRAUER: There's no subpoena.
09:13:11  4    The Plaintiff Hoover in the Texas state court case
09:13:16  5 attempted to issue various subpoenas, but they didn't comply with
09:13:20  6 the plain language of the Texas Rules of Civil Procedure, so we
09:13:24  7 objected to them. He lifted them. Then he -- after getting
09:13:28  8 frustrated with trying to do that, he issued discovery requests
09:13:31  9 to the defendants, to us in that case, asking for the documents,
09:13:36  10 which is what he should have done in the first place. That's how
09:13:38  11 you get discovery is asking the party for certain documents.
09:13:43  12    And so, that's before that court. That will be decided
09:13:46  13 by that court, whether we have to produce those documents or not.
09:13:50  14 Mr. Stevens and his client aren't involved in this. There's no
09:13:53  15 pending subpoena. There's none pending and there wasn't one when
09:13:57  16 we filed the motions. He's just holding on to the documents.
09:14:00  17    And, again, I have a duty to get these bank records,
09:14:04  18 Social Security numbers, driver's license numbers back to retain
09:14:08  19 them. That's why they were produced under a confidentiality
09:14:10  20 order. They're not meant to be floating around out there or held
09:14:13  21 in third party's possessions.
09:14:15  22    We have this fight in front of the Texas state court.
09:14:17  23 This court shouldn't be involved. The plaintiff shouldn't be
09:14:20  24 involved. He should return the documents. There's no pending
09:14:22  25 subpoena. He can return documents if there's no pending

```
09:14:25  1  subpoena.  And, again, we're having the fight.  No one should be
09:14:28  2  involved other than the two parties up in the Texas state court.
09:14:32  3              THE COURT:  Well, what do you think that judge would
09:14:37  4  think if on notice that his client has been subpoenaed, whether
09:14:43  5  it was valid or not, and a motion to compel, the response is:  I
09:14:56  6  just gave all those documents back.  I don't have them anymore.
09:15:00  7              MR. BRAUER:  I think if the response is, your Honor, we
09:15:03  8  were put on notice by the parties in your case that there's a
09:15:06  9  discovery fight over these documents and I had no subpoena.
09:15:10 10              THE COURT:  No, no, no, no.
09:15:11 11              Let's forget about this case.  All of it, it doesn't
09:15:16 12  make any difference.
09:15:19 13              If some discovery request had been made of a document
09:15:23 14  and you bring that issue in front of the judge and your excuse
09:15:28 15  is, after I knew they were trying to get it, I gave it back to
09:15:35 16  somebody else, I don't have it, what do you think that judge is
09:15:40 17  going to do?
09:15:41 18              MR. BRAUER:  We're before Judge Craig Smith in district
09:15:44 19  court in Dallas, who is a very reasonable person, and I think he
09:15:48 20  will see this for what it is.
09:15:50 21              The plaintiff cannot get these documents through the
09:15:55 22  discovery procedures because it's outside of the scope of
09:15:58 23  discovery.  So he's trying to do an end-around in going to this
09:16:03 24  plaintiff and subpoenaing -- attempting to subpoena confidential
09:16:06 25  documents.  Every subpoena that has been issued has been objected
```

```
09:16:10  1   to and lifted.  There are no pending subpoenas.
09:16:14  2           So I think the plaintiff in this case would be very
09:16:17  3   reasonable having signed -- entered into a federal court order
09:16:22  4   saying, I shall return these documents within 60 days and there's
09:16:25  5   no pending subpoenas --
09:16:26  6           THE COURT:  I have not made any determination of
09:16:29  7   confidentiality.  That was an agreed order.
09:16:32  8           All right.
09:16:32  9           MR. BRAUER:  Correct.
09:16:33  10          THE COURT:  Mr. Stevens, what is -- he says you're not
09:16:36  11  under any present obligation to keep the documents.
09:16:41  12          MR. STEVENS:  Your Honor, I don't know how the practice
09:16:44  13  in Dallas County, but I can tell you the courts and the
09:16:48  14  jurisdictions I'm before, including Austin, would take a dim view
09:16:51  15  to a person who has been subpoenaed or has notice and had already
09:16:55  16  had one subpoena issued and then, has request for production
09:16:57  17  pending against him to get rid of the documents.  Whether they
09:17:01  18  claim they give them away or they destroy them, whatever, I think
09:17:04  19  a court would be very disappointed in the nonparty and may bring
09:17:08  20  sanctions upon them.
09:17:09  21          I cannot take for granted that the judge was going to
09:17:13  22  be, quote, reasonable, according to Mr. Brauer, and just kind of
09:17:18  23  ignore what my client would or would not do with the documents.
09:17:21  24  As I told the Court, I produced all documents, except those that
09:17:24  25  were confidential under the order, and I have informed both
```

*U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)*

09:17:27  1  parties that I will keep those documents confidential and
09:17:30  2  protected under this court's confidentiality agreement, until
09:17:35  3  such time as the Court in Dallas state court decides what to do
09:17:39  4  with the documents; and at that point, and only at that point,
09:17:43  5  will I either get rid of the documents pursuant to that court
09:17:46  6  order or pursuant to this confidentiality order, I will do
09:17:49  7  whatever that court tells me to do with the documents.
09:17:51  8          But at this point, your Honor, I've got to hold on to
09:17:54  9  the documents to protect my client.
09:18:02 10          MR. BRAUER: My problem and my client's your Honor, is
09:18:05 11  I don't see when this ends.
09:18:09 12          In other words, presume we win the motion to compel and
09:18:13 13  the plaintiff up in Dallas isn't entitled to just discovery
09:18:17 14  productions in other cases. So we win that. Now what? Is Mr.
09:18:21 15  Stevens going to say, well, they still could potentially issue a
09:18:24 16  subpoena in the future to me? When do my clients get their
09:18:27 17  documents back?
09:18:28 18          THE COURT: Well, the only person that he's going to
09:18:31 19  show those documents to, if there is a subpoena, is the judge
09:18:40 20  who's responsible for the case and the enforcement of the
09:18:44 21  subpoena or the discovery motions, whichever it is, and he's
09:18:47 22  going to be willing to show him that in chambers, ex parte, and
09:18:55 23  get an order from the judge, one way or the other.
09:18:57 24          Frankly, I don't know of a district judge who is
09:19:00 25  reasonable that would order confidential materials in discovery

under a federal order without going to the federal order to remove or amend the confidentiality order. But I am sure there are some judges that would do that, and at that point in time, then that may be a problem that I'll have to face.

But I can't believe that a state district judge in Dallas in an ex parte review with this confidentiality order can't make a determination. But the truth of the matter is, I would never, as a lawyer, release those documents at any time, shape or form until I knew that that dilemma had passed. And I could speak from experience.

Four times, I was placed in jail for contempt of court as a practicing law, and it's not pleasant. It's not pleasant every time you have to say if you've ever been arrested, yes, by four federal judges and then, give the dates and what that was.

So I don't know what we are. Now, if you wish, I guess since counsel has a dilemma, he could file a motion for exception of the confidentiality order, and I would have a hearing and decide if those are really confidential or not. And if they are confidential just on Social Security numbers or identification, the numbers of the parties, well, you know, I'm pretty smart enough to be able to delete what needs to be deleted. Half the things I read are deleted under the agreement of the lawyers when they're not confidential at all.

As a matter of fact, we're under request from Washington and the federal judges -- federal administration to

```
09:21:31   1  stop sealing everything.  Don't seal motions.  Lawyers are smart
09:21:39   2  enough to be able to write motions and briefs that don't have to
09:21:44   3  be sealed.  You can seal the exhibits that attach to it, but stop
09:21:50   4  sealing motions.  The public has the right to see.  It's not just
09:21:54   5  me.
09:21:57   6          But your client and you can't give Mr. Stevens any
09:22:07   7  clear out.  It's not within your power to do so.  It's in the
09:22:11   8  power of the person suing your client in Dallas.  But he's on
09:22:15   9  notice that they're trying to get those papers.
09:22:21  10          MR. BRAUER:  Judge, so here's an issue I have is that
09:22:24  11  the Texas state court up in Dallas has no power to order the
09:22:28  12  plaintiff in this case, or Mr. Stevens, to return those documents
09:22:32  13  to me.
09:22:33  14          So if the state court up in Texas -- excuse me, up at
09:22:37  15  Dallas determines no, those documents are not discoverable,
09:22:41  16  because it's a fishing expedition, and reviews the documents in
09:22:46  17  camera or whatever mechanism he uses and says, no, the Plaintiff
09:22:51  18  Hoover up in Dallas cannot get these documents, I'm now left with
09:22:55  19  the same position I am now.  Mr. -- he doesn't have the power to
09:22:59  20  order Mr. Stevens to return those documents to me.
09:23:01  21          So I would request that this court enter an order --
09:23:06  22  you know, ordering that after a time specific, after a certain
09:23:09  23  event, the documents are returned to me.
09:23:12  24          THE COURT:  But you've already got that order.
09:23:15  25          MR. STEVENS:  Your Honor, excuse me --
```

```
09:23:17   1                MR. BRAUER:  It's not being complied with now.
09:23:18   2                THE COURT:  Yeah.  Mr. Stevens isn't going to not
09:23:20   3   comply with that order when he can.
09:23:21   4                Yes.
09:23:22   5                MR. STEVENS:  Your Honor, perhaps the solution to this
09:23:26   6   quandary that I face, and Mr. Brauer faces, is the fact that
09:23:31   7   until the Court -- state court in Dallas acts, we don't know
09:23:36   8   where we are, and that's the dilemma.  I don't want to be
09:23:39   9   involved in this anymore.  I'm more than happy that whatever
09:23:42  10   happens in state court, to abide by that state court's decision.
09:23:45  11                And I understand the issues of comity between federal
09:23:48  12   and state courts.  I'm requesting that this court simply order
09:23:53  13   the parties here saying that whatever the state court decides in
09:23:57  14   the discovery dispute at the state court, that we abide by it,
09:23:59  15   and until such time that I retain the documents and keep them
09:24:04  16   held confidentially, and whenever the Court decides that in the
09:24:08  17   state court and I can either release them, or destroy them, or
09:24:11  18   return them to Mr. Brauer, I don't care.
09:24:13  19                I just don't want to have to keep dealing with this
09:24:15  20   issue when I have no dog in the fight.
09:24:16  21                THE COURT:  Well, the problem is, how are you going to
09:24:21  22   define that?
09:24:23  23                There's a discovery fight right now between the
09:24:26  24   plaintiff and the defendants as to whether or not the documents
09:24:29  25   are confidential.  However, I guess as long as the case is
```

09:24:35 1 pending before trial, they could attempt to get the documents
09:24:39 2 from your client.
09:24:42 3          MR. STEVENS:  Well, Mr. Brauer's already indicated
09:24:45 4 there's a discovery dispute ongoing in state court.  He has these
09:24:47 5 documents.  He can produce these documents in camera and allow
09:24:50 6 the state court to decide whether they're confidential or not
09:24:52 7 under that discovery request in state court.  It doesn't have to
09:24:56 8 even involve the documents I have because Mr. Brauer already has
09:24:59 9 these documents.
09:25:00 10          If the court in state court decides they are
09:25:03 11 confidential and enters an order saying which documents are
09:25:07 12 confidential, I will return those documents to him posthaste and
09:25:11 13 forget about it.
09:25:13 14          If, on the other hand, the Court says, I'm going to
09:25:14 15 require them to be disclosed and Mr. Brauer discloses them and
09:25:16 16 tells me he's disclosed them, I'll even return the documents to
09:25:20 17 him then because, then, I'm at least confident enough the fact
09:25:23 18 that I am not going to be held and my client is not going to be
09:25:25 19 held responsible for the destruction or the removal of the
09:25:30 20 documents from its possession until such time as the discovery
09:25:33 21 dispute is resolved.
09:25:35 22          MR. BRAUER:  Absolutely agree.  That's what I've been
09:25:38 23 offering all along.  I have the documents, we're having a fight
09:25:40 24 up there, and let the Texas state court --
09:25:42 25          MR. STEVENS:  No.  You have not.  You have not done

```
09:25:44   1  that.
09:25:45   2           MR. BRAUER:  I am absolutely fine with that proposal.
09:25:47   3           THE COURT:  All right.  Reduce it to writing.
09:25:49   4           But you know, if I was the state judge, I wouldn't look
09:25:58   5  at those documents until the federal judge had okayed it.
09:26:01   6           MR. BRAUER:  Well, the issue before the state judge is
09:26:04   7  not whether they're confidential or not but, rather, whether
09:26:07   8  they're discoverable or not.  That's the --
09:26:10   9           THE COURT:  They're not discoverable because they're
09:26:12  10  confidential and there's an order --
09:26:15  11           MR. STEVENS:  Your Honor.
09:26:15  12           THE COURT:  Yeah.  Yes, sir.
09:26:17  13           MR. STEVENS:  May we enter -- may the parties then
09:26:20  14  enter an agreed order before this court saying that the state
09:26:22  15  court in Texas can review the confidentiality documents to
09:26:27  16  determine whether they're discoverable?
09:26:28  17           THE COURT:  Ex parte in chambers.
09:26:31  18           MR. BRAUER:  Agreed.
09:26:32  19           MR. STEVENS:  Thank you.
09:26:32  20           THE COURT:  That was the reason I brought it up.  I
09:26:35  21  don't want y'all coming back on this.
09:26:36  22           All right.
09:26:37  23           MR. STEVENS:  Thank you.
09:26:38  24           THE COURT:  Y'all get an agreed order.  Remember it's
09:26:42  25  Christmas.  Do it merrily, merrily.  Don't bring it back down
```

*LILY I. REZNIK, OFFICIAL COURT REPORTER*
*U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)*


```
09:25:44   1  that.
09:25:45   2           MR. BRAUER:  I am absolutely fine with that proposal.
09:25:47   3           THE COURT:  All right.  Reduce it to writing.
09:25:49   4           But you know, if I was the state judge, I wouldn't look
09:25:58   5  at those documents until the federal judge had okayed it.
09:26:01   6           MR. BRAUER:  Well, the issue before the state judge is
09:26:04   7  not whether they're confidential or not but, rather, whether
09:26:07   8  they're discoverable or not.  That's the --
09:26:10   9           THE COURT:  They're not discoverable because they're
09:26:12  10  confidential and there's an order --
09:26:15  11           MR. STEVENS:  Your Honor.
09:26:15  12           THE COURT:  Yeah.  Yes, sir.
09:26:17  13           MR. STEVENS:  May we enter -- may the parties then
09:26:20  14  enter an agreed order before this court saying that the state
09:26:22  15  court in Texas can review the confidentiality documents to
09:26:27  16  determine whether they're discoverable?
09:26:28  17           THE COURT:  Ex parte in chambers.
09:26:31  18           MR. BRAUER:  Agreed.
09:26:32  19           MR. STEVENS:  Thank you.
09:26:32  20           THE COURT:  That was the reason I brought it up.  I
09:26:35  21  don't want y'all coming back on this.
09:26:36  22           All right.
09:26:37  23           MR. STEVENS:  Thank you.
09:26:38  24           THE COURT:  Y'all get an agreed order.  Remember it's
09:26:42  25  Christmas.  Do it merrily, merrily.  Don't bring it back down
```

```
09:26:48  1  here.  After Christmas, I get a little bit son-of-a-bitchy.
09:26:54  2              All right.
09:26:54  3              MR. STEVENS:  Appreciate it, your Honor.
09:26:56  4              MR. BRAUER:  Thank you, your Honor.
          5              (End of proceedings.)
```

1        * * * * * *

2

3

4  UNITED STATES DISTRICT COURT)

5  WESTERN DISTRICT OF TEXAS    )

6

7     I, LILY I. REZNIK, Official Court Reporter, United States

8  District Court, Western District of Texas, do certify that the

9  foregoing is a correct transcript from the record of proceedings

10 in the above-entitled matter.

11    I certify that the transcript fees and format comply with

12 those prescribed by the Court and Judicial Conference of the

13 United States.

14    WITNESS MY OFFICIAL HAND this the 22nd day of December, 2014.

15

16

17                                    /s/Lily I. Reznik
                                      LILY I. REZNIK, CRR, RMR
18                                    Official Court Reporter
                                      United States District Court
19                                    Austin Division
                                      501 W. 5th Street, Suite 4153
20                                    Austin, Texas 78701
                                      (512)391-8792
21                                    Certification No. 4481
                                      Expires:  12-31-14
22

23

24

25